JACK GOGGINS, Plaintiff and Appellant, v. MELVIN
BOOKOUT, Defendant and Respondent.
No. 10411
Submitted October 10, 1962. Decided January 31, 1963.
378 P.2d 212.

450

Thomas L. Bradley, Laurel, for appellant.

Luedke & Packwood, Otis L. Packwood, Billings, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an action for the balance due on a promissory note and involves a summary mortgage foreclosure. Plaintiff appeals from an adverse judgment, and the defendant cross appeals for attorney's fees.

The record discloses that the plaintiff sold 400 aged ewes to the defendant. In payment, the plaintiff took a promissory note for $6,000, secured by a chattel mortgage on the sheep. These two instruments were executed and delivered on September 29, 1959, the maturity date of the note being October 15, 1960. The sheep were not on the defendant's ranch on September 29, 1959, notwithstanding a recitation in the mortgage to the contrary. Rather, some were located in Wyoming and others in Huntley, Montana. Finally, sometime after September 29, 1959, 400 aged ewes were turned over to the defendant, who pastured them on his land along with other sheep belonging to him.

In April 1960, the defendant sold his ranch, including the

land on which the sheep were grazing, to Catherine Ciemielewski. Also around this time, the defendant received a wool check amounting to $1281.25, half of which he gave to plaintiff to apply on the note.

Referring once again to the sale of the ranch by the defendant to Mrs. Ciemielewski, the testimony is to the effect that the latter was going to assume defendant's obligation as to the sheep. In this regard, Mrs. Ciemielewski testified that at the time she purchased defendant's ranch she tentatively agreed to buy the sheep, her understanding being that the plaintiff and defendant would contact her to execute a contract. The plaintiff testified that when he was informed that the defendant was selling his ranch to Mrs. Ciemielewski, he did not object to the latter buying the sheep. The defendant testified that he understood the plaintiff and Mrs. Ciemielewski would make the necessary arrangements to relieve him of any further obligation, and with this understanding he left the state on his trucking business.

When nothing was done, Mrs. Ciemielewski lost interest in the sheep and finally told the plaintiff to remove them from her land. In the meantime, the condition of the sheep had deteriorated to the point where many had died and others were wandering around the countryside. Invoking the security clause in the mortgage, the plaintiff caused the sheep, consisting of 321 ewes, and 63 lambs, to be rounded-up by the defendant's son. Some of the sheep rounded up and ultimately sold at the sheriff's sale were not part of the original flock of 400 aged ewes covered by the chattel mortgage. On June 14, 1960, the sheep were sold at a sheriff's sale in accordance with the power of sale contained in the mortgage.

The cause was heard before the court, sitting without a jury, and the court found that the mortgage foreclosure sale was illegal and void and entered judgment that the plaintiff take nothing by the action.

Upon this appeal plaintiff assumes the following issues to

be raised: (1) whether or not an accord and satisfaction resulted from the purported agreement between the plaintiff, defendant, and Mrs. Ciemielewski; (2) whether or not the plaintiff had reasonable grounds to pursue the summary foreclosure before maturity of the debt and without notice to, or demand on the defendant; and, (3) whether or not the notice of sale was so defective as to make the sheriff's sale invalid. The defendant raises the issue of whether or not he is entitled to attorney's fees as a matter of right.

■■ At the outset, we note that although both briefs are largely devoted to a discussion of the issue of an accord and satisfaction, we do not think the ruling of the district court raised this issue. Reviewing the record, we note in defendant's proposed findings of facts and conclusions of law he suggests an accord and satisfaction as a defense to plaintiff's action. The district court, however, did not adopt this defense. On the contrary, it correctly found as a fact that the agreement to substitute Mrs. Ciemielewski for the defendant in the debt; contracted by virtue of the note and mortgage, was *never completed*. It is axiomatic in an accord and satisfaction that the satisfaction is the execution of the agreement, unless the agreement is to accept the promise of a settlement in lieu of the original obligation. Barbarich v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co., 92 Mont. 1, 9 P.2d 797 (1932); R.C.M. 1947, §§ 58-502, 58-503. There was no execution of the agreement in the instant case, and there is no evidence in this record to show that the parties agreed to accept the promise of a settlement in lieu of the original obligation. In view of the district court's finding, we do not think plaintiff was prejudiced by the testimony concerning the purported agreement between the plaintiff, defendant, and Mrs. Ciemielewski for the sheep.

■ Turning to whether or not the plaintiff properly invoked the security clause and the power of sale provisions of the mortgage, we see nothing irregular in this procedure

since the parties expressly contracted that this could be done. The death of, and lack of care given to, many of the sheep covered by the mortgage provided the plaintiff with reasonable grounds to believe his security was endangered.

The third issue presented in this appeal concerns the notice of the summary foreclosure sale.

Regarding the notice of sale and the actual sale of the sheep, the following appears from the record: A copy of the notice, in addition to be being posted at four locations in Sweetgrass County, was posted on a fence of the "Everett Messing Ranch" out of sight of the actual sale; some of the sheep identified for sale and ultimately sold were not covered by the chattel mortgage; the notice showed that the sale was to take place at the Everett Messing Ranch, however, the testimony at the trial showed that Lars Messing owned the ranch where the sale was conducted. While the foregoing may seem to be trivia, we think that viewed cumulatively, these irregularities could very well have resulted in an unfair sale as the district court found. Further, we must not lose sight of the strict burden imposed on a mortgagee who invokes the power of sale clause of a mortgage. In Trudell v. Hingham State Bank, 62 Mont. 557, 563, 205 P. 667, 669, this court stated:

"Statutory requirements intended to protect and enforce the mortgage lien must be strictly followed (First National Bank of Butte v. Beley, 32 Mont. 291, 80 Pac. 256), especially where a right of sale is based thereon (11 Cyc. 705). Such a summary statutory remedy must be strictly construed and followed by the mortgagee, otherwise he cannot divest the mortgagor of title to his property. It is jurisdictional, and, where the mortgagee disposes of the property mortgaged without complying with the requirements of the law or the provisions of the mortgage, he is guilty of a conversion."

The chattel mortgage under consideration here expressly provided that in the event the power of sale is exe-

cuted by the sheriff, said sale shall be advertised by posting notice in five public places. Therefore, since the mortgagor did not waive his right to notice of the sale, it became incumbent upon the plaintiff mortgagee, when asserting his rights under the security and power of sale provisions, to assure the defendant mortgagor of a fair sale. We do not think this burden is met by a notice which improperly described the mortgaged property and erroneously describes the place of sale. The 384 ewes and lambs sold at the sheriff's sale for $1,400, thereby reducing the original debt by only $867.86 net. This is significant since the original debt of $6,000 had been incurred through the sale of 400 aged ewes. In our opinion the district court, under this court's holding in Trudell v. Hingham State Bank, 62 Mont. 557, 205 P. 667, was empowered to declare the sale in the instant case irregular and void.

The defendant respondent contends that he is entitled to attorney's fees as a matter of right under the provisions of R.C.M.1947, § 93-8613, which states:

"In an action to foreclose a mortgage or pledge, the court must allow as a part of the costs a reasonable attorney's fee, which shall be fixed by the court, any stipulation in the mortgage or any agreement between the parties to the contrary notwithstanding." In Graham v. Superior Mines, 100 Mont. 427, 49 P.2d 443, this court held the foregoing to be reciprocal in nature, applicable to both the plaintiff and defendant.

The above rules have no application to the situation presented here. This is not an action to foreclose a mortgage, rather, the plaintiff is suing on the note after the mortgage security had been exhausted through a prior mortgage foreclosure in which the plaintiff recovered attorney's fees in the sum of $200.

Finding no reversible error, the judgment is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR, and the HONORABLE E. GARDNER BROWNLEE, District Judge, sitting in place of MR. JUSTICE DOYLE, concur.