H. R. BELL AND ROBERT PAYNE, D/B/A BONDED COLLECTION
SERVICE, PLAINTIFFS AND RESPONDENTS, v. HAROLD COLE,
ALSO KNOWN AS HAROLD COLE, SR., DEFENDANT AND APPELLANT.

No. 11650.
Decided October 20, 1969.
459 P.2d 692.

Kenneth R. Wilson argued, Miles City, for appellant.
Thomas E. Towe, Billings, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Action for a deficiency judgment after summary foreclosure and sale. Judgment was for plaintiffs and defendant appeals.

Respondents H. R. Bell and Robert Payne, doing business as Bonded Collection Service (hereinafter referred to as plaintiffs), brought this action to recover the balance due on a promissory note after summary foreclosure of a chattel mortgage. Plaintiffs are the lawful owners and holders of the note through a chain of assignments from the original holder.

Appellant Harold Cole (hereinafter referred to as defendant), signed the original note in June 1963 to assist his minor son in purchasing a 1960 Volkswagen from a Billings dealer. The automobile was used for transportation to and from school during the 1963-64 school year and was driven about 60 miles each school day. Defendant's son made considerable repairs on the body of the car and had the engine overhauled twice.

In December 1963, the son made a cash payment of $303.72 reducing the balance due on the obligation to $481.38. This balance was refinanced by a note and chattel mortgage due on April 1, 1964. In May 1964, defendant's son returned the Volkswagen to the finance company holding the note. When the car was returned it was in bad condition; the engine was in the back seat, the tires were flat, and there was some evidence of body damage.

Defendant's son testified that the president of the finance company told him he would send a release for the car. No release was sent. The finance company obtained several estimates of the value of the car from persons interested in purchasing it. In May 1964, the Volkswagen was sold at a private sale without notice for $150. The instant action was brought to recover a deficiency judgment in the amount of $331.38, the alleged balance due on the note.

The chattel mortgage executed with the note contains the following summary foreclosure power of sale:

"* * * may sell the mortgaged property, under this power of sale, in the manner provided for sale of personal property on execution with notice given in the manner provided in Section 52-312, R.C.M.1947 * * *."

Both parties agreed that this provision was violated by the failure of the plaintiffs' predecessor in interest to give notice and by his failure to hold a public sale. Defendant contends that these failures constitute a material breach of the contract barring any claim for a deficiency judgment.

The issue on appeal here is whether the provisions for summary foreclosure and power of sale of the chattel mortgage are mandatory and does the failure to comply with them deprive the mortgagee of his right to a deficiency judgment?

Defendant in both his brief and argument before this Court relies upon a recent decision of this Court, Goggins v. Bookout, 141 Mont. 449, 378 P.2d 212. In that case this Court found that under the facts of the case the sale of mortgage property was unfair. There the debtor had purchased 400 aged ewes for $6,000 and at a sheriff's sale 384 ewes and lambs were sold for $1,400, reducing the original debt by only $867.86. The Court said:

"While the foregoing may seem to be trivia, we think that viewed cumulatively, these irregularities could very well have resulted in an unfair sale as the district court found." Goggins v. Bookout, supra at p. 453, 378 P.2d at p. 214.

In Goggins, unlike the present case, the property sold at the foreclosure sale should have been more valuable than the property originally purchased by the debtor. Here we are faced with a factual situation that shows evidence that the sale of the Volkswagen was in no way unfair. In one witness' opinion the value of the car was about $25 and there was no contradiction of this opinion. The vehicle was sold for $150, considerably above the highest estimate of its value.

46

Therefore the defendant, having failed to show either unfairness or detriment, does not come under the Goggins doctrine.

Whether or not the statute is to be strictly construed here is not relevant for the problem before the Court is how to construe the contract which provides:

"In the event of a default by Mortgagor" * * * mortgagee * * * may sell the mortgaged property, under this power of sale, in the manner provided for sale of personal property on execution *with notice given in the manner provided in Section 52-312, R.C.M.1947*". (Emphasis supplied.)

Here the mortgagee was given power of sale by contract, with the contract setting forth the statute as an acceptable method of sale. Defendant's position, that the statutory notice is a condition precedent to his obligation for the deficiency, is without merit.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL and CASTLES, and the HONORABLE THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE BONNER, concur.