871 F.2d 1488
 Clinton W. LOVE, Sr., and Rose Mary Love, husband and wife,
Plaintiffs-Appellants,
v.
UNITED STATES of America; United States Department of
Agriculture; Farmers Home Administration; Philip A. Young;
Claude Hargrove; Arthur E. Lung; Theodore Hebnes; Roger
Meredith; Rodger Vanvalkenburg; Dale Gilbert; Jim Walker;
Stanley Faught, and Gilbert L. Anderson, Defendants-Appellees.
 No. 87-3832.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 4, 1988.
Decided April 6, 1989.
Order Staying Mandate May 4, 1989.
 
 Robert M. Kampfer, Gene A. Picotte, P.C., Clancy, Mont., for plaintiffs-appellants.
 Robert J. Brooks, Asst. U.S. Atty., Great Falls, Mont., for defendants-appellees.
 Appeal from the United States District Court for the District of Montana.
 Before FLETCHER and NELSON,* Circuit Judges, and CARROLL,** District Judge.
 FLETCHER, Circuit Judge:
 
 
 1
 Clinton W. and Rose Mary Love appeal the dismissal of their complaint against the United States and certain federal officials arising out of the government's liquidation of the Loves' livestock and farm equipment. We reverse.
 
 BACKGROUND
 
 2
 The Loves are Montana farmers who obtained agricultural loans from the Farmers Home Administration ("FmHA"), under the consolidated Farm and Rural Development Act ("CFRDA"), 7 U.S.C. Secs. 1921 et seq (1982). The loans purportedly were secured by a chattel mortgage on the Loves' livestock and machinery. In 1984, the Loves defaulted on these loans and went into bankruptcy, allegedly due to conditions beyond their control. The individual defendants in this action, officials of FmHA, obtained a release of the stay of proceedings from the U.S. Bankruptcy Court, took possession of the secured property, and sold it. The Loves allege that the livestock and machinery were critical to their farming operation, which failed without it.
 
 
 3
 The Loves apparently are members of a nationwide class certified by the district court in Coleman v. Block, 580 F.Supp. 192 (D.N.D.1983). The class comprises:
 
 
 4
 all persons who have obtained a farmer program loan from the Farmers Home Administration, and who are or may be eligible to obtain a farmer program loan from the Farmers Home Administration, and whose loans are or will be administered in the Farmers Home Administration offices located throughout the United States ...
 
 
 5
 580 F.Supp. at 192. The Coleman court, interpreting 7 U.S.C. Sec. 1981a, issued a preliminary injunction against the Secretary of Agriculture and FmHA, prohibiting them from liquidating farm property without providing the debtor farmer notice and the opportunity for a hearing. At the hearing, the farmer would be afforded the opportunity to establish his eligibility for loan deferral if he could show that his loan default was a result of circumstances beyond his control.
 
 
 6
 The Loves allege (1) that they are members of this class and that their insolvency resulted from circumstances beyond their control, making them eligible for loan deferral; (2) that defendants possessed and sold off the Loves' property without any notice or hearing as required by the Coleman injunction. The Loves also allege that their security agreement with the government failed to reference their livestock and machinery as collateral, so that the government never had a valid security interest in the property.
 
 
 7
 The Loves filed a pro se complaint, which was amended after they obtained counsel. It alleges claims against the government under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-80 (1982), and against the individual defendants under the Constitution. The district court dismissed the action in its entirety for lack of subject matter jurisdiction and for failure to state a claim, 656 F.Supp. 847.
 
 DISCUSSION
 
 8
 We review de novo the dismissal of a complaint for failure to allege subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) or failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 549 (9th Cir.1984) (failure to allege subject matter jurisdiction); Western Reserve Oil and Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985) (failure to state a claim). Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. Western Reserve, 765 F.2d at 1430. Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).
 
 I. FTCA Claims
 A. Conversion
 
 9
 The district court found that the Loves' claim for conversion was premised on a breach of contract, and was therefore not cognizable under the FTCA. Instead, the court ruled, such a claim must be brought before the Court of Claims under the Tucker Act, 28 U.S.C. Secs. 1346(a)(2), 1491.
 
 
 10
 The district court relied on our decision in Woodbury v. United States, 313 F.2d 291 (9th Cir.1963). There, Woodbury, a real estate developer, brought suit against the government when the Federal Housing Administration allegedly breached a promise to arrange for long-term financing of a government housing construction contract. Woodbury had undertaken the project, and incurred financial and contractual obligations, allegedly in reliance on the government's promise. Although Woodbury expressed his claim as the tort of breach of fiduciary duty and sued under the FTCA, we held that the claim was really for breach of contract:
 
 
 11
 Many breaches of contract can also be treated as torts. But in cases such as this, where the "tort" complained of is based entirely upon a breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to "waive the breach and sue in tort" brings the case within the Federal Tort Claims Act.
 
 
 12
 Id. at 295. Instead, the contract claim could only have been brought under the Tucker Act, which confers on the Court of Claims exclusive jurisdiction over contract claims in excess of $10,000 against the government. Id.[1] According to defendants and the district court, the Loves' claim for conversion is essentially a breach of contract and must therefore be dismissed under Woodbury. We disagree.
 
 
 13
 Under the FTCA, the federal government assumes liability for wrongs that would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred. 28 U.S.C. Sec. 2674; LaBarge v. Mariposa County, 798 F.2d 364, 366 (9th Cir.1986), cert. denied, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 497 (1987). Under Montana law, statutory requirements governing disposal of secured property by the mortgagee or lienholder, including the requirement of notice to the debtor, must be followed strictly. Goggins v. Bookout, 141 Mont. 449, 378 P.2d 212, 214 (1963). Where the mortgagee or lienholder disposes of the property without complying with statutory requirements, "he is guilty of a conversion." Id. (quoting Trudell v. Hingham State Bank, 62 Mont. 557, 205 P. 667, 669 (1922)). Montana requires that the secured party give notice to the debtor before disposing of collateral, Mont.Code Ann. Sec. 30-9-505(2)(a) & (b) (1987), and provides that the debtor may sue the secured party for any damages resulting from the secured party's failure to comply with such requirement. Id. Sec. 30-9-507(1). Here, the defendants disposed of the Loves' collateral without the required statutory notice under 7 U.S.C. Sec. 1981a (as interpreted by Coleman v. Block, supra ). Thus, the government's alleged action, if taken by a private party under Montana law, would give rise to a cause of action for conversion.[2]
 
 
 14
 The district court and defendants, relying on Woodbury, appear to assume that the Loves' conversion claim sounds in contract rather than tort because the Loves' security agreement with the government must be considered in deciding whether the government's possession of the property was wrongful. This reliance on Woodbury is misplaced. In Woodbury, we dealt with a breach of contract claim that could be characterized as a tort "only incidentally and conceptually." Id. at 295. But we also recognized that some wrongs could sound both in tort and contract:
 
 
 15
 We do not mean that no action will ever lie against the United States under the Tort Claims Act if a suit could be maintained for a breach of contract based upon the same facts. We only hold that where, as in this case, the action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the Federal Tort Claims Act.
 
 
 16
 Id. at 296. Here, the Loves' allegations could have been brought as a breach of contract claim, but they equally support a tort claim for conversion. Although a breach of promise may be involved, the government's liability does not "depend[ ] wholly upon the government's alleged promise," because liability depends in large part on the Loves' claim of ownership and possession of the property.
 
 
 17
 This case resembles the facts in Aleutco Corp. v. United States, 244 F.2d 674 (3rd Cir.1957), more than those in Woodbury. In Aleutco, the plaintiff purchased $868,000 of surplus war goods in Alaska. When the Navy refused to let the plaintiff take possession of some of the goods, the plaintiff brought an FTCA suit for conversion. The court held that the plaintiff had sufficiently stated "a cause in tort for conversion" even though it "could have equally well made out a complaint for breach of contract." Id. at 678-79. "The fact that the claimant and the United States were in a contractual relationship does not convert an otherwise tortious claim into one in contract." Id. at 678.
 
 
 18
 Our circuit has approved this principle from Aleutco. First, in Woodbury itself, we recognized that "in Aleutco the action was essentially one sounding in tort." 313 F.2d at 296. In Walsh v. United States, 672 F.2d 746 (9th Cir.1982), the plaintiff, who had conveyed a highway easement to the government, lost livestock because the government contractor negligently failed to maintain cattle guards on the highway. We again approved Aleutco and distinguished Woodbury, holding that the plaintiff's claim sounded essentially in tort, even though the government's duty to maintain the highway was based on the terms of the conveyance. Id. at 749-51.
 
 
 19
 We considered this issue most recently in Fort Vancouver Plywood Co. v. United States, 747 F.2d 547 (9th Cir.1984). There, a supply of timber purchased by the plaintiff from the government was destroyed when a U.S. Forest Service "slash burn" operation burned out of control. The plaintiff brought an FTCA action claiming negligence by the Forest Service. The district court dismissed the claim for lack of subject matter jurisdiction, holding that the plaintiff's claim was based on its contract for purchase of the timber. We reversed. Noting that the contract was not the sole basis for liability, as had been the case in Woodbury, we relied on Aleutco to hold that the contract "was relevant only insofar as it established [the plaintiff's] right to the property, an element of the tort alleged." 747 F.2d at 551-52.
 
 
 20
 Here, as in Fort Vancouver, the plaintiffs' contract with the government establishes only an underlying element of the tort, specifically the mortgagor-mortgagee relationship between the Loves and the government. We conclude that the Loves' complaint alleges facts sufficient to prove conversion and that the district court has subject matter jurisdiction under the FTCA to consider the claim.
 
 B. Other FTCA claims
 
 21
 The Loves' first amended complaint also alleges claims under the FTCA for breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, and negligent performance of an undertaking to render services.
 
 
 22
 According to the Loves, the government breached a duty owed them by virtue of the government's relationship to the Loves as a lender.[3] At first blush, this claim appears to be foreclosed by Woodbury, which held that a claim for breach of fiduciary duty arising from a financing agreement was essentially a breach of contract claim, cognizable only under the Tucker Act. 313 F.2d at 294-95. However, in Woodbury, the purported "fiduciary" relationship arose strictly out of the contract and appeared to be nothing more than a means of recasting a breach of contract claim in tort terms. We stated that "the 'tort' complained of is based entirely upon a breach by the government of a promise made by it in a contract." 313 F.2d at 295 (emphasis added).
 
 
 23
 Here, the situation is somewhat different. The Loves allege that the government breached its obligation to deal with them fairly and in good faith. Montana law recognizes an extracontractual "implied covenant of good faith and fair dealing." E.g., Nicholson v. United Pacific Ins. Co., 219 Mont. 32, 710 P.2d 1342, 1348 (1985); First Nat'l Bank in Libby v. Twombly, 213 Mont. 66, 689 P.2d 1226, 1230 (1984). Although this duty arises between parties having a contractual relationship, "the duty exists apart from, and in addition to, any terms agreed to by the parties.... The duty is imposed by operation of law and therefore its breach should find a remedy in tort." Gates v. Life of Montana Ins. Co., 205 Mont. 304, 668 P.2d 213, 214-15 (1983). Thus, for example, the Montana courts have held that breach of the duty of good faith can support a punitive damages claim because it is an "action for breach of an obligation not arising from contract." Id. (emphasis in original) (construing Mont.Code Ann. Sec. 27-1-221). The duty of good faith not only arises from a source outside of the contract, but it also is breached by "some impermissible activity" beyond the mere existence of a breach of contract:
 
 
 24
 Historically, a party to a contract generally had the right to breach and pay damages rather than perform.... But whether performing or breaching, each party has a justifiable expectation that the other will act as a reasonable person. The nature and extent of an implied covenant of good faith and fair dealing is measured in a particular contract by the justifiable expectations of the parties. When one party acts arbitrarily, capriciously or unreasonably, that conduct exceeds the justifiable expectations of the second party. The second party then should be compensated for damages resulting from the other's culpable conduct.
 
 
 25
 Nicholson v. United Pacific Ins. Co., 710 P.2d at 1348. In sum, the breach of the duty of good faith alleged here, as interpreted by the Montana courts, is a separate tort and is not, as was the case in Woodbury, "based entirely upon breach by the government of a promise made by it in a contract." 313 F.2d at 295 (emphasis added).
 
 
 26
 We conclude that breach of the duty of good faith is a tort properly brought under the FTCA. Our conclusion is bolstered by the apparent fact that the breach of this duty is not cognizable under the Tucker Act. The Court of Claims has jurisdiction over claims for money damages in excess of $10,000 "in cases not sounding in tort." 28 U.S.C. Secs. 1346(a)(2), 1491(a)(1). To the extent that this breach sounds in tort, it is expressly excluded by Sec. 1491. Moreover, even if the breach of the implied covenant of good faith were cast as contractual, it would nevertheless appear that the Court of Claims lacks jurisdiction to decide such a claim, because the Tucker Act "does not reach claims based on contracts implied in law, as opposed to those implied in fact." United States v. Mitchell, 463 U.S. 206, 218, 103 S.Ct. 2961, 2969, 77 L.Ed.2d 580 (1983); accord Hatzlachh Supply Co. v. United States, 444 U.S. 460, 465 n. 5, 100 S.Ct. 647, 650 n. 5, 62 L.Ed.2d 614 (1980).
 
 
 27
 Montana also recognizes the "good samaritan" doctrine of negligence, Jeffries v. United States, 477 F.2d 52, 56 (9th Cir.1973), which imposes liability for negligent performance of an undertaking "to render services to another which [the tortfeasor] should recognize as necessary for the protection of the other's person or things." Restatement (Second) of Torts Sec. 323. The Loves claim that the government breached this duty in providing loan services without due care, in failing to give the required notice. Although this claim has contractual implications, it also sounds in tort, and comes within FTCA jurisdiction.
 
 
 28
 The district court dismissed the claim on the ground that it essentially alleges denial of a public entitlement without due process, an act which has no analogue under state tort law. We disagree. As we have noted, Montana law may impose liability on lenders who foreclose or repossess property without proper notice. Nevertheless, we are not persuaded that Montana law would impose negligence liability for this type of tort under a "good samaritan" theory. "Good samaritan" cases have typically arisen where the negligently performed service is related to safety. See, e.g., United Scottish Ins. Co. v. United States, 614 F.2d 188 (9th Cir.1979), rev'd on other grounds sub nom. United States v. Varig Airlines, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) (allegedly negligent airplane safety inspection); Jeffries v. United States, 477 F.2d 52 (9th Cir.1973) (allegedly negligent mine safety inspection); Restatement (Second) of Torts, Sec. 323 (tortfeasor "is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care") (emphasis added). The district court did not consider whether Montana law would impose "good samaritan" liability for services such as loan deferral which are not performed specifically to promote safety from physical harm. We remand this issue for determination by the district court in the first instance.
 
 II. Bivens Claim
 
 29
 The district court dismissed the Loves' claim against the individual FmHA officials on the ground that the alleged breach of the statutory notice requirement could not constitute a tort unless the breach of duty came within the FTCA. Because the FTCA does not provide for liability of individual officials, the district court concluded, no relief is available against the individual defendants.
 
 
 30
 This conclusion is mistaken. As the district court itself recognized, the Loves' allegation of the defendants' failure to comply with the notice and hearing requirements of 7 U.S.C. Sec. 1981a and the Coleman injunction constitutes a claim for denial of due process of law. The Loves' claim that the individual defendants deprived them of property without due process states a valid claim for damages under the Constitution. Carlson v. Green, 446 U.S. 14, 18-19, 100 S.Ct. 1468, 1471-72, 64 L.Ed.2d 15 (1980); Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Merritt v. Mackey, 827 F.2d 1368, 1371 & n. 2 (9th Cir.1987). The Loves are entitled to plead the Bivens claim along with the FTCA claim as an alternative basis for recovery. See Arevalo v. Woods, 811 F.2d 487, 490 (9th Cir.1987).
 
 
 31
 The defendants argue that the Loves fail to allege an independent basis for federal jurisdiction over the Bivens claim. The defendants point out that the jurisdictional statement in the Loves' complaint mentions only the FTCA as the basis for jurisdiction, and that Bivens claim cannot be brought under the FTCA. This jurisdictional argument is meritless. We have consistently held that no jurisdiction-conferring provision need be specifically pleaded, as long as the complaint sets forth facts giving the court jurisdiction. Aguirre v. Automotive Teamsters, 633 F.2d 168, 174 (9th Cir.1980). Such is the case here. The Loves' complaint alleges facts showing a violation of due process by the individual defendants and expressly states that due process was violated. The district court has subject matter jurisdiction to hear that claim pursuant to 28 U.S.C. Sec. 1331.
 
 
 32
 REVERSED and REMANDED.
 
 
 33
 Judge CARROLL may file a separate statement at a later date.
 
 ORDER STAYING MANDATE
 
 34
 The mandate is stayed until further order of the court.
 
 
 35
 This panel and another panel of this court (La Plant v. United States, 872 F.2d 881 9th Cir. 1989)), have filed opinions that conflict on the issue of whether an action against the FMHA for breach of duty of good faith under Montana law sounds in tort or contract.
 
 
 36
 The parties shall have until June 1, 1989 to file simultaneous briefs on the issue. Briefs shall not exceed fifteen (15) pages in length. The court is interested in citation to any Court of Claims cases that have either accepted or denied jurisdiction in similar cases.
 
 
 37
 Any party seeking rehearing on any other issues should include a discussion of such additional issues. If the court wants responses to any such additional issues, it will enter a further order to that effect.
 
 
 
 *
 Hon. Dorothy W. Nelson, United States Circuit Judge for the Ninth Circuit was drawn to replace Hon. J. Blaine Anderson who died after argument and submission of this case
 
 
 **
 Hon. Earl H. Carroll, United States District Judge for the district of Arizona, sitting by designation
 
 
 [1]
 The district courts have concurrent jurisdiction with the Court of Claims over contract actions where the amount in controversy does not exceed $10,000. Id.; 28 U.S.C. Sec. 1346(a)(2)
 
 
 [2]
 The Loves also allege that the government had no security interest in their property, because the security agreement was defective on its face, in that it did not reference the property in question as collateral. This allegation, if proved, would also establish the tort of conversion
 The government also suggests that the defendants may be immune from liability because their actions were discretionary. Appellee's Br. at 17. Under the "discretionary function exception," sovereign immunity is not waived by the FTCA for injuries arising out of a governmental "discretionary function." 28 U.S.C. Sec. 2680(a)(1982); United States v. Varig Airlines, 467 U.S. 797, 808, 104 S.Ct. 2755, 2761-62, 81 L.Ed.2d 660 (1984). Although the district court made no ruling on this issue, we may consider whether Sec. 2680(a) provides an alternate ground for affirmance as we may affirm the district court "on any ground fairly supported by the record." Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988). Because the statutory notice the government allegedly failed to give was mandatory under 7 U.S.C. Sec. 1981a as interpreted by Coleman v. Block supra, the defendants' alleged conduct did not come within the discretionary function exception. See Starrett v. United States, 847 F.2d 539, 541 (9th Cir.1988).
 
 
 [3]
 Neither the Loves' complaint nor their argument on appeal set forth the basis for finding the government to be a fiduciary or for finding its breach of "fiduciary" duty to sound in tort, other than to allege and argue that the government breached an implied-in-law covenant of good faith and fair dealing. Accordingly, we analyze both these claims under the rubric of the duty of good faith