M.E. EDDLEMAN and Jimmie Lue Eddleman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV 88–276–BLG–JFB.

United States District Court, D. Montana, Billings Division.

Sept. 19, 1989.

Milton Oman, Salt Lake City, Utah, and Guy Rogers, Anderson Brown Law Firm, Billings, Mont., for plaintiffs.

Heidi E. Weckwert, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BATTIN, Chief Judge.

Presently pending before the Court is defendant's Motion to Dismiss for lack of subject matter jurisdiction. For the reasons stated below, defendant's motion is granted.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. They allege that they agreed to feed and care for some 615 wild mustang horses owned by defendant, pursuant to the Wild Free–Roaming Horses & Burros Act (the Act), 16 U.S.C. § 1331 et seq. According to plaintiffs, their agreement to feed and care for the horses was made in reliance upon representations by employees of defendant to the effect that at the end of a one year period they would be allowed to adopt the horses pursuant to that Act. Defendant subsequently refused to allow them to adopt the horses, since the adoption was for purposes of commercial exploitation. Defendant's refusal to allow the adoption by plaintiffs was based upon a 1987 ruling by the United States District Court for the District of Nevada enjoining the Secretary from transferring the titles of wild horses and burros to persons who the Secretary knows intend to use the animals for commercial purposes upon receiving title. *Animal Protection Institute of America v. Hodel*, 671 F.Supp. 695 (D.Nev. 1987), *aff'd* 860 F.2d 920 (9th Cir.1988). Prior to that decision, the Secretary had taken the position that under the Act, adoptors need only provide humane treatment and care for one year in order to receive title. Plaintiffs contend that defendant was negligent in failing to determine their qualifications for adoption prior to allowing them to take possession and control of the horses. Plaintiffs further contend that defendant negligently failed to warn them that they did not qualify to receive title to the horses, prior to delivery of the horses to them.

Defendant moves for dismissal of the complaint, arguing that although the claims are phrased in terms of negligence, they are more accurately characterized as being for breach of an express or implied contract. As such, jurisdiction over the action rests with the Court of Claims, under the Tucker Act, 28 U.S.C. § 1346(a)(2), § 1491, and this Court lacks subject matter jurisdiction. Alternatively, defendant argues that the claims are barred by the misrepresentation and discretionary function exceptions to the FTCA, under 28 U.S.C. § 2680(a), (h).

Plaintiffs oppose dismissal, arguing that although the facts of this case may also give rise to a claim for breach of contract, they are asserting common law claims for negligence which are properly asserted under the FTCA. Plaintiffs contend that any misrepresentations alleged in the complaint are collateral to the negligence claims and therefore do not serve to exclude their claims from the ambit of the FTCA. They further contend that there is no discretion involved in determining an adoptor's qualifications under relevant statutes and regulations, and that the discretionary function exception does not apply.

The Court has carefully considered the briefs and oral argument of counsel and is now prepared to rule.

## DISCUSSION

Defendant first moves for dismissal based on lack of subject matter jurisdiction, arguing that plaintiffs' claims are more accurately characterized as contract rather than tort claims, and that jurisdiction therefore lies in the Court of Claims, not this Court. The Tucker Act, 28 U.S.C. § 1491, grants exclusive jurisdiction of contract claims against the government for sums greater than $10,000.00 to the Claims Court. *Hewitt v. Grabicki*, 794 F.2d 1373, 1382 (9th Cir.1986). Resolution of this jurisdictional issue will depend upon a determination as to whether plaintiffs' claims,

couched in terms of negligence, are sufficiently dependent upon a contractual relationship between the parties that it may be said they are "in substance a breach of contract claim and only 'incidentally and conceptually' a tort." *Darko v. United States*, 646 F.Supp. 223, 227 (D.Mont.1986) (quoting *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir.1963).

The essence of plaintiffs' complaint is that defendant, having asked plaintiffs to feed and care for a number of wild mustang horses and having represented that they would be qualified after one year to adopt the horses, later refused to transfer title to them because of their intent to sell the horses for slaughter. Plaintiffs allege that defendant negligently failed to properly ascertain their qualifications as adoptors or to warn them that they would not receive title to the horses if their intention was commercial exploitation of the horses.

While stated in terms of negligence, a careful reading of the complaint persuades the Court that the gravamen of the complaint is defendant's failure to transfer title of the horses to plaintiffs or to compensate plaintiffs for feeding and caring for the horses. *See* Complaint, para. 24, 25. These claims sound in contract, not tort. The complaint is replete with reference to an "agreement" between the parties, and the duties alleged by plaintiffs to have been breached are integrally related to the formation and performance of the agreement. Had there been no alleged agreement by the defendant to transfer title to plaintiffs after successful completion of plaintiffs' obligations under the agreement, and had defendant not allegedly breached that agreement, there would be no liability in this case. *See e.g. Woodbury* and *Darko, supra.* The substance of the claims is contractual in nature, and jurisdiction over this matter properly lies in the Claims Court. In so ruling, the Court recognizes that a claim may in some cases be maintained under the FTCA, regardless of the fact that a breach of contract action may also arise under the same factual predicate. *See e.g. Walsh v. United States*, 672 F.2d 746 (9th Cir.1982); *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547 (9th Cir.1984). However, in this case the tort alleged is not sufficiently independent of the contractual relationship to support jurisdiction under the FTCA.

The Court is mindful of the conflicting rulings reached by the Ninth Circuit Court of Appeals in *Love v. United States*, 871 F.2d 1488 (9th Cir.1989) and *LaPlante v. United States*, 872 F.2d 881 (9th Cir.1989). Those cases concerned whether the tort of breach of an implied covenant of good faith and fair dealing was essentially a contract claim, or was sufficiently independent of a contract claim to permit jurisdiction under the FTCA in federal district court. In *Love*, the Court noted that under Montana law the tort of "bad faith" arises outside of contract and is therefore a separate tort. As such, a tort action could be maintained despite the fact that the same conduct might give rise to a contract action. *Love*, 871 F.2d at 1493–94. In *LaPlante*, the Court went beyond the characterization of the claims under Montana law, looking instead to the policy under the Tucker Act of defining governmental contractual obligations in a consistent manner under federal law. *LaPlante*, 872 F.2d at 883–85. In this case, resolution of plaintiffs' "negligence" claims will require definition of the government's duties in entering into an agreement under the Act. The Court is persuaded by the reasoning in *LaPlante*, that any determination so closely linked to the contractual relationship between the parties is properly made in the Claims Court. *See Id.*, 872 F.2d at 882, 884 (quoting *Woodbury*, 313 F.2d at 295.).

Based upon the argument presented to the Court, it would appear that plaintiffs are entitled to recover for sums expended in caring for the horses at the government's request. However, this Court is one of limited jurisdiction, and any judgment rendered by it would be of no force and effect, in the absence of subject matter jurisdiction over the matter.

Having so concluded, the Court need not address other grounds for dismissal raised by defendant. Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss be and is hereby granted, and this action is dismissed for lack of subject matter jurisdiction.