892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Richard JONES, Plaintiff-Appellant,
v.
STATE OF WASHINGTON, et al., Defendants-Appellees.
 No. 89-35043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1989.*
Decided Jan. 4, 1990.
 
 Before WALLACE, PREGERSON and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Larry Jones, who is proceeding pro se, brought this 42 U.S.C. § 1983 civil rights action against the State of Washington and numerous state and private individuals, alleging that they were guilty of conspiracy, jury tampering, false imprisonment, torture, slander, libel, assault, and attempted murder. The defendants moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim. The district court granted the motion and Jones appealed. The district court had jurisdiction pursuant to 28 U.S.C. § 1343. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the decision of the district court.
 
 STANDARD OF REVIEW
 
 3
 We review de novo a district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). An action may be dismissed under the rule if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Id. Moreover, we view Jones' allegations under an even less stringent standard because he brings his actions pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 BACKGROUND
 
 4
 On July 28, 1988, Jones filed a motion in the United States District Court for the Western District of Washington. Jones filed the motion as a "Motion for Trial by Jury." The district court read the motion liberally to be a 42 U.S.C. § 1983 civil rights complaint. Jones sought $10,000,000 in damages for injustices which he allegedly sustained from January 1978 to the present at the hands of the State of Washington and numerous individuals.[1] The court dismissed the complaint without prejudice because it did not state what rights Jones was denied or how each of the defendants personally deprived Jones of those rights. Jones filed an amended complaint on December 19, 1988. The district court dismissed the action because the amended complaint failed to correct the deficiencies of the previous complaint by stating a claim for relief.
 
 DISCUSSION
 
 5
 The issue is whether Jones' complaint states a claim for relief under 42 U.S.C. § 1983. A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under § 1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). Moreover, plaintiffs must set forth specific facts in support of their claims. Mere conclusory allegations are insufficient to support a claim for relief under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977). Neither Jones' original nor his amended complaint enumerated the facts which allegedly gave rise to the harm which he claims to have suffered. For example, Jones stated that defendants Quasem and Kim attempted to murder him. However, Jones failed to state how and when the defendants allegedly performed these acts. Therefore, we agree with the district court that Jones did not state successfully a claim for relief under § 1983.
 
 CONCLUSION
 
 6
 We affirm the decision of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Jones' complaint arises from certain events that occurred several years ago. In 1980, Jones was charged with second degree assault while armed with a firearm. The alleged assault occurred when Jones drew a pistol after a University of Washington plainclothes campus police officer, Leif Granrud, approached Jones in an unmarked car. Jones claimed that he was acting in self-defense and pleaded not guilty to the assault charge. The court entered a not guilty by reason of insanity plea for Jones over Jones' strenuous objections. The jury found that Jones had committed the acts as charged, but found that Jones was insane at the time. The court ordered that Jones be committed to a state mental hospital because Jones indicated that he would not cooperate with the less restrictive treatment that the jury had recommended. Jones appealed. The Court of Appeals of Washington affirmed. Jones appealed to the Supreme Court of Washington. The Supreme Court of Washington reversed and remanded