944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph K. NEMOURS, Plaintiff-Appellant,
v.
HUD HOUSING AUTHORITY, State of Washington, Defendants-Appellees.
 No. 88-3770.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1991.*
Decided Sept. 12, 1991.
 
 Before EUGENE WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nemours alleges that the Department of Housing and Urban Development violated his due process rights by allowing the manager of a low income residence to increase his rent and fail to give him a landlord tenant agreement. Suit filed by Joseph Nemours was dismissed with prejudice for failure to state a claim upon which relief can be granted. We review the dismissal de novo. Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1989).
 
 
 3
 We construe Nemours' complaint as one made under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Absent a waiver of sovereign immunity, a Bivens action for monetary damages may not be maintained against the United States. Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir.1988). Finding no such waiver here, Nemours failed to state a claim against HUD.
 
 
 4
 Even if we were to view this suit as one against the manager of the building in his individual capacity, the claims were correctly dismissed because Nemours failed to allege facts sufficient to amount to a cognizable due process right. Without such a right there is no Bivens cause of action.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3