SCHWARZER, Senior District Judge:
 

 In a multi-count complaint filed in the bankruptcy of Kenneth Rogstad, North Slope Borough (the Borough) charged Rogstad with numerous acts of fraud and misrepresentation, bribery and receipt of kickbacks, and breach of fiduciary .duties. Briefly summarized, the complaint alleges that H.W. Blackstock, of which Rogstad was the owner, president and a director, was the agent of the Borough and provided it with purchasing and management services. Among other things, the Borough’s complaint alleges that Rogstad fraudulently profited from overcharges for transportation services paid by Blackstock to Arctic Gulf Marine (“AGM”); that under Rogstad’s direction, Blackstock submitted to the Borough fraudulent claims for compensation for losses; that Rogstad directed Blackstock to pay bribes and kickbacks; that Rogstad, by misrepresentations, induced the Borough to enter into unfavorable contracts; that Rogstad profited from overcharges for supplies ordered by Black-stock for the Borough; that Rogstad failed to apply funds belonging to the Borough to its benefit; that Rogstad caused Blackstock to bring suit against the Borough on claims known to Rogstad not to be valid; and that Rogstad, through misrepresentations, caused Borough employees to issue checks to companies in which he had an interest.
 

 The Borough filed its complaint in an adversary proceeding in Rogstad’s Chapter 7 case, seeking a declaration of nondischarge-ability, having previously filed a proof of claim covering the same subject matter. In November 1994, two months before the scheduled trial date, Rogstad filed a “Motion to Dismiss Complaint.” Attached to the motion was a twenty-one page “Memorandum in Support of Motion to Dismiss Complaint.” At page 20, the memorandum presents a one-paragraph argument captioned “Rogstad is Entitled to Summary Judgment Dismissal of the NSB’s Complaint.” Also attached to the motion was a nine-page declaration by Rog-stad dated seven months earlier, which had initially been filed in opposition to the Borough’s proof of claim. In the declaration, Rogstad “categorically den[ies] all wrongdoing alleged by the NSB” but does not address the allegations of the complaint. The Borough submitted an “Opposition to Rog-stad’s Motion to Dismiss,” in which it argued that it had stated claims under §§ 528(a)(6), 523(a)(4) and 523(a)(2)(A) of the Bankruptcy Act but asked for leave to amend should the complaint be found deficient. At the same time, it also filed an accompanying “Motion for Leave to Supplement Opposition to Motion to Dismiss with Rule 16 Order.” In it the Borough asked to supplement its opposition in the event the court reached the summary judgment motion and, in an accompanying affidavit of counsel, represented that its Rule 16 pretrial order, to be lodged within five weeks pursuant to the court’s prior order, would amply demonstrate that there are material issues of fact. Rogstad responded, arguing that his declaration met his burden of proof under Rule 56 and was unopposed by any competent evidence.
 

 Two days later, the bankruptcy court held a hearing on the motions at which the Borough represented that within twelve days it would file its pretrial order, which would disclose its evidence. The court nevertheless proceeded to grant the motion to dismiss the claims under §§ 523(a)(6) and 523(a)(4), and the motion for summary judgment, stating that “the plaintiff has not responded to the defendant’s motion for summary judgment.” He also denied the Borough’s motion for time to supplement its opposition to the summary judgment motion. The court then entered a written order dismissing the Borough’s complaint with prejudice, making no reference to the summary judgment motion. The Borough filed a motion to reconsider, supported by voluminous materials, which the court denied.
 

 
 *1227
 
 The Borough then appealed to the Bankruptcy Appellate Panel (“BAP”) which remanded for entry of a final order; the bankruptcy court entered an amended order, again dismissing the §§ 523(a)(6) and 523(a)(4) claims and also granting the motion for summary judgment on the grounds that the Borough presented no evidence in support of its claims and failed to raise a material issue of fact. The Borough appealed again from the amended order and the BAP affirmed. So far as relevant to this appeal, it held:
 

 As the moving party, Rogstad met his burden by showing that there were no genuine issues of material fact as to the Borough’s claim. Rogstad demonstrated the absence of evidence to support the Borough’s claims of misrepresentation, fraud, bribery or kickbacks. Thus, the burden shifted to the Borough to go beyond the pleadings with its .own affidavits ....
 

 Mem. Op. 18. The BAP also took note of the Borough’s motion for leave to supplement its opposition but concluded that “[mjerely filing a motion for leave to supplement its opposition at a more convenient time is insufficient to raise a material issue of fact for trial.” Mem. Op. 20. The Borough now appeals from the decision of the BAP. We have jurisdiction under 28 U.S.C. § 158(d).
 

 DISCUSSION
 

 One need not be a devoted student of civil procedure to conclude that the proceedings in this case bear little resemblance to what the Federal Rules of Civil Procedure, and relevant case law, require.
 

 A.
 
 The Summary Judgment Motion
 

 Rule 56(c) (applicable to adversary proceedings, Bankruptcy Rule 7056) provides that summary judgment may be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact
 
 and that the moving party is entitled to judgment as a matter of law.”
 
 (Emphasis added.) Rogstad’s motion (never properly noticed) made no showing that he was entitled to judgment as a matter of law: his declaration submitted in support of the motion did not address the Borough’s complaint at all (indeed, it was executed before the complaint was even filed), contained only a conclusory denial of all wrongdoing alleged in the Borough’s proof of claim, asserted the difficulty of responding to the claim, and offered to provide the court with factual substantiation of his objections to the claim as requested. The bankruptcy court and the Panel ignored Rogstad’s complete failure to satisfy the threshold requirement of Rule 56.
 

 The bankruptcy court erred, moreover, when it rested' its grant of the motion on the Borough’s failure to file opposing papers. We have repeatedly held that it is error to grant a motion for summary judgment simply because the opponent failed to oppose.
 

 Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial. The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition.... A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with. Rule 56....
 
 See Hibernia Nat’l Bank v. Administracion Central Sociedad Anonima,
 
 776 F.2d 1277, 1279 (5th Cir.1985) (“A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule.”).
 

 Henry v. Gill Indus., Inc.,
 
 983 F.2d 943, 950 (9th Cir.1993);
 
 Cristobal v. Siegel,
 
 26 F.3d 1488, 1491 (9th Cir.1994) (quoting
 
 Henry); Hoover v. Switlik Parachute Co.,
 
 663 F.2d 964, 967 (9th Cir.1981) (where no opposition to motion filed, summary judgment should not be granted if the evidence in support of the motion is insufficient). In the instant situation, moreover, there was no obligation on the Borough' to file any opposition.
 
 See
 
 Rule 56(e):
 
 “When a motion for summary judgment is made and supported as provided in this rule,
 
 an adverse party may not rest upon the mere allegations or denials of
 
 *1228
 
 the adverse party’s pleading....” (Emphasis added.)
 

 Finally, it was an abuse of discretion to deny the Borough’s motion for leave to supplement its opposition. Although awkwardly phrased, the request for additional time was entirely appropriate under the circumstances (counsel proposed to submit the Borough’s opposition within twelve days); it was unopposed; and the court gave no reason for denying it. The BAP’s decision overlooks this issue altogether. Summary judgment was therefore erroneously granted.
 

 B.
 
 The Motion to Dismiss
 

 The bankruptcy court granted Rog-stad’s Rule 12(b)(6) motion (applicable to adversary proceedings under Bankruptcy Rule 7012(b)) to dismiss the Borough’s claims for nondischargeability under §§ 523(a)(4) and 523(a)(6) (but not under § 523(a)(2)(A)). In its opposition to the motion, the Borough requested leave to amend, citing
 
 In re Jenkin,
 
 83 B.R. 733, 735 (9th Cir. BAP 1988) (“An opportunity to amend is especially important in discharge cases because of the short time frame in which such complaints must be filed.”) The bankruptcy court ignored the request and without explanation dismissed the complaint with prejudice. The BAP, having affirmed the summary judgment, did not reach the issue. Because we are reversing the judgment, we necessarily reach it.
 

 We review a bankruptcy court’s dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)
 
 de novo. In re Dominguez (Dominguez v. Miller),
 
 51 F.3d 1502, 1506 (9th Cir.1995). “Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff.”
 
 Love v. United States,
 
 915 F.2d 1242, 1245 (9th Cir.1990),
 
 amending
 
 871 F.2d 1488 (9th Cir.1989). “Dismissal is improper unless ‘it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’”
 
 Id.,
 
 (quoting
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). We need not examine the complaint at length to determine that this test has not been met. Thus, Counts 3 and 7 state claims for nondis-chargeability alleging facts that could be construed to allege embezzlement under § 523(a)(4).
 
 See In re Littleton (Transamerica Comm. Fin. Corp. v. Littleton),
 
 942 F.2d 551, 555 (9th Cir.1991) (embezzlement under § 523(a)(4) exists where person fraudulently misappropriates property of another). Similarly, Counts 4, 7 and 10 state claims for willful and malicious injury under § 523(a)(6) alleging facts that could be construed to allege intentional interference with contractual relations.
 
 See In re Hallahan (N.I.S. Corp. v. Hallahan),
 
 936 F.2d 1496, 1501 (7th Cir.1991) (willful breach of contract qualifies under § 523(a)(6)).
 

 Even if the pleadings were in some respects deficient, Rule 15(a) (applicable to adversary proceedings, Bankruptcy Rule 7015) provides that “leave [to amend pleadings] shall be freely given when justice so requires.” We review denial of leave to amend for abuse of discretion “but such denial is ‘8111011/ reviewed in light of the strong policy permitting amendment.”
 
 Texaco, Inc. v. Ponsoldt,
 
 939 F.2d 794, 798 (9th Cir.1991) (quoting
 
 Moore v. Kayport Package Express,
 
 885 F.2d 531, 537 (9th Cir.1989).) Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.
 
 Id.
 

 In essence, the bankruptcy court dismissed the complaint because it thought that the claims were not clearly stated. To the argument that the complaint stated claims for “willful and malicious injury” under § 523(a)(6), the judge responded, “I went back and looked at the complaint, but I can’t tell that from the complaint.” With respect to the § 523(a)(4) claims, he stated only, “I wouldn’t have a clue if I’d received this complaint that that was part of what was pleaded. So I’ll dismiss any possible coverage in this lawsuit under Section 523(a)(4).”
 

 The bankruptcy court’s reason for dismissal was not directed to the substance of the complaint. An amendment to clarify the claims therefore could not be considered “futile” justifying denial of leave to amend. Nor did the court find “bad faith,” “undue delay” or “prejudice.” Given that Rogstad had waited until the eve of trial to complain about
 
 *1229
 
 the vagueness of the complaint, one could hardly find a ground for prejudice in permitting the Borough to clarify its claims. Denial of leave to amend and dismissal with prejudice of the claims under §§ 523(a)(6) and (a)(4) was a manifest abuse of discretion.
 

 In light of our disposition of this appeal, we need not address the many other issues raised by the parties.
 

 CONCLUSION
 

 The purpose of the Federal Rules of Civil Procedure is to bring about the “just, speedy and inexpensive determination of every action.” Fed.R.Civ.P. 1. The disregard of the provisions of the rules and of elemental principles of civil procedure reflected in this case defeats that purpose.,.
 

 The judgment is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.