Stephan LEVINE, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

SAFEGUARD HEALTH ENTERPRISES, INC.; Steven J. Baileys; John E. Cox; Robert J. Pommersheim; Thomas C. Tekulve; and Kenneth E. Keating, Defendants–Appellees.

No. 00–56758.
D.C. No. CV–99–01575–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided Feb. 22, 2002.

Before ARCHER,* O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Safeguard Health Enterprises, Inc. ("Safeguard"), a dental benefits marketing company, sold off some of its dental and orthodontic practices in exchange for long-term promissory notes. The buyer subsequently defaulted on the notes and shareholder Levine sued, alleging securities fraud. The district court dismissed the case with prejudice for failure to plead scienter with sufficient particularity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand. Because the parties are familiar with the facts and procedural history of the case, we need not recite them here in full.

Levine argues that the district court erred in dismissing the First Amended Complaint with prejudice and not allowing leave to amend. We agree. A trial court's denial of a request to amend a complaint is reviewed for abuse of discretion. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.2000). Dismissal without leave to amend is improper "unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)).

---

* The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

278

"Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party." *In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir.1997). Applying these factors, we believe that the district court abused its discretion in denying Levine leave to amend. First, less than nine months elapsed between the filing of the initial complaint and the order dismissing the suit, so delay considerations favor granting leave to amend. Second, there is no indication that Levine is proceeding in bad faith. Third, in part because it is such an extremely close call as to whether the First Amended Complaint meets the heightened pleading standard for scienter, we cannot conclude that further amendment could not provide the additional facts necessary to make the showing required by *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir.1999). Finally, there is no indication that allowing Levine to file a Second Amended Complaint would unfairly prejudice the defendants in any way.

In its order dismissing the complaint, the district court's only explanation for why leave to amend was denied was "[b]ecause Plaintiff has already had one opportunity to amend his Complaint to add specificity . . . ." However, "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted). Where, as here, there is "no indication of such a determination," *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir.1986), a finding that the district court abused its discretion in denying leave to amend is especially appropriate. *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

Because the district judge gave insufficient reason for denying leave to amend; and because there is no showing of undue delay, bad faith, futility of amendment, or prejudice; the district judge abused his discretion in not permitting Levine to further amend the complaint. We therefore reverse and remand to allow Levine to file a Second Amended Complaint.

We do not reach the issue whether the district court erred in finding that Levine's First Amended Complaint had failed to plead scienter with sufficient particularity. Furthermore, because Levine may attach additional supporting documents along with his Second Amended Complaint, his Request for Judicial Notice is DENIED. REVERSED AND REMANDED.

