**Bryan Edwin RANSOM, Plaintiff—Appellant,**

v.

**M. SANDOVAL; et al., Defendants—Appellees.**

No. 01–56811.

D.C. No. CV–99–01775–RTB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM***

California state prisoner Bryan E. Ransom appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action against prison officials. Ransom challenges the district court's order denying him leave to file a fourth amended complaint, and subsequent order dismissing his third amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  Appellant's May 13, 2002 and July 24, 2002 requests for judicial notice are granted in part and denied in part. This court takes notice of the proposed fourth amended complaint and documents filed in other state and federal courts, but declines to take notice of documents that were already a part of the district court record in this case, as well as documents that contain facts not subject to judicial notice under Fed.R.Evid. 201.

804

We review for abuse of discretion the district court's denial of a motion for leave to file an amended complaint, but our review of the denial is strict in light of the strong policy favoring amendment. *N. Slope Borough v. Rogstad (In re Rogstad),* 126 F.3d 1224, 1228 (9th Cir.1997).

The district court considers the following factors in deciding whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of the amendment; and (4) prejudice to the opposing party. *Id.* Although the district court's discretion is particularly broad when it has previously granted leave to amend, *see Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1084 (9th Cir.2000), we conclude that the district court abused its discretion by denying leave to amend for the reasons stated. *See In re Rogstad,* 126 F.3d at 1228.

■ Although the district court found that Ransom did not act in bad faith in seeking to amend his complaint, it found undue delay because Ransom attempted to assert claims which could have been raised in earlier amendments to his complaint. However, Ransom's contention that he could not assert these claims before exhausting his prison administrative remedies adequately explains the reason for the delay. *See Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that prisoners must exhaust their administrative remedies before filing suit); *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987) (declining to uphold denial of leave to amend where plaintiff offered a satisfactory reason for delay in asserting claim).

■ The district court also found that amendment would be futile because Ransom failed to allege that he had exhausted his supplemental claims. However, this court recently held that exhaustion under 42 U.S.C. § 1997e(a) is an affirmative de-fense, rather than a pleading requirement. *See Wyatt v. Terhune,* 305 F.3d 1033, 1044 (9th Cir.2002). Thus, denial of leave to amend on this basis was not proper. *See id.*

Finally, the district court found that the amendment would cause defendants prejudice. However, because this case was in the pleading stage, defendants would suffer minimal prejudice. *See DCD Programs,* 833 F.2d at 188.

Because we hold that the district court should have granted Ransom leave to file the fourth amended complaint, we express no opinion concerning the district court's dismissal of Ransom's third amended complaint. We remand so that the case may proceed on the fourth amended complaint.

**REVERSED and REMANDED.**