# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: ANTONIO
BARBOZA; LUCIA ALBARRAN,
                                    *Debtors.*

ANTONIO BARBOZA; LUCIA
ALBARRAN,
                        *Appellants,*

            v.

NEW FORM, INC.,
                          *Appellee.*

No. 06-56319

BAP No.
C-05-01398-MaSPa

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Marlar, and Smith, Bankruptcy Judges, Presiding

Argued and Submitted
April 11, 2008—Pasadena, California

Filed September 23, 2008

Before: William C. Canby, Jr. and Jay S. Bybee,
Circuit Judges, and Roger Hunt,* Chief District Judge.

Opinion by Judge Hunt

---

*The Honorable Roger Hunt, Chief United States District Judge for the
District of Nevada, sitting by designation.

13411

**COUNSEL**

Colin W. Wied, C.W. Wied Professional Corporation, San Diego, California, for the appellants.

Richard L. Weiner and Paul J. Laurin, Weiner & Laurin, LLP, Encino, California, for the appellee.

**OPINION**

HUNT, District Judge:

## I. OVERVIEW

Lucia Munguia Albarran ("Albarran") and her husband, Antonio Barboza ("Barboza") (collectively "Appellants"), were found liable after a jury trial in District Court for willful infringement of New Form, Inc.'s ("Appellee") copyright for certain Spanish language films. The District Court instructed the jury that "willful infringement" required a showing by a preponderance of the evidence that Appellants "knew that they were infringing the [Appellee's] copyrights or that they

acted with reckless disregard as to whether they were doing so." After judgment was entered, Appellants filed for bankruptcy and sought to discharge the judgment award. The Bankruptcy Judge held on summary judgment that the judgment award was nondischargeable under 11 U.S.C. § 523(a)(6) as a "willful and malicious injury" based upon the jury's finding of willful infringement and uncontroverted evidence of Appellants' knowledge of Appellee's copyright interest.

The BAP affirmed and held that a statutory award of damages for willful copyright infringement is a debt for a "categorically harmful activity," which is nondischargeable under § 523(a)(6) "if the Bankruptcy Court determines that the infringer had the requisite subjective intent to injure another's property interest." The BAP held that the uncontroverted evidence of knowledge of the creditor's copyright interest at the time of infringement was proof of their "substantial certainty" of resultant harm.

We now **REVERSE** and **REMAND** for further consideration because: (1) there is a genuine issue of material fact as to whether the infringement was a "willful" injury within the meaning of § 523(a)(6) of the Bankruptcy Code; and (2) the "malicious" requirement was not addressed separately from the "willfulness" requirement as required by our precedent.

## II.   FACTS AND PROCEEDINGS BELOW

Appellants operated a business for the duplication, distribution, and sale of Spanish language films. This case concerns ten films known as the India Maria Pictures. On May 15, 1999, Appellee acquired the exclusive rights to manufacture, sell, and distribute the India Maria Pictures. Before Appellee acquired its exclusive rights, Appellants purchased a large amount of inventory of India Maria Pictures from Million Dollar Video Corp. ("Million Dollar Video").

In late summer 1999, Appellee learned that Appellants were selling the India Maria Pictures. Appellee sent Appellants a letter, dated September 3, 1999, advising them of Appellee's exclusive right to duplicate and sell the India Maria Pictures. After receiving this letter, Appellants allegedly ordered 500 VHS tape copies of the India Maria Pictures be made by Reel Picture Productions, LLC ("Reel Picture") on or about September 9, 1999.

Albarran responded to Appellee by letter, on September 17, 1999, stating that Appellants: (1) did not know about Appellee's exclusive rights prior to receiving the September 3 letter; (2) were selling inventory of India Maria Pictures legally purchased from Million Dollar Video; and (3) were willing to commence business negotiations with Appellee.

Appellee sent a final warning letter on December 9, 1999. Appellants continued to sell the India Maria Pictures until March 20, 2002, when Appellee filed a lawsuit against Appellants in the U.S. District Court for the Central District of California for willful copyright infringement (the "District Court Action"). The complaint in the District Court Action alleged that Appellants willfully infringed Appellee's copyright in the India Maria Pictures beginning on or after May 15, 1999, and ending in 2002. However, the evidence presented at the trial concerned only the September 9, 1999, duplication immediately following the Appellee's first warning letter to Appellants.

A jury trial was held in April 2004, on the infringement by duplication issue.[1] The jury was instructed on "willful" infringement as follows:

---

[1]Infringement by duplication was the only issue resolved in the District Court Action. In regards to the sale and distribution infringement claim, the District Court found that summary judgment was "not appropriate" because Appellee had not rebutted Appellants' evidence that they lawfully sold and distributed the India Maria Pictures obtained from Million Dollar Video, under the "first sale doctrine." Although the distribution issue was also reserved for trial, it was not resolved.

To prove willful infringement, the Plaintiff must prove by a preponderance of the evidence that the Defendants knew that they were infringing the Plaintiff's copyrights or that they acted with reckless disregard as to whether they were doing so. If you conclude that the Defendants reasonably and in good faith believed that they were not infringing the Plaintiff's copyrights, then you may not find that they willfully infringed those copyrights.

The jury returned special verdicts finding that both Albarran and Barboza had willfully infringed Appellee's copyright in each of the India Maria Pictures, and that Appellee should be awarded statutory damages of $75,000 per video. Judgment was entered on May 10, 2004, for $750,000, plus costs and attorney's fees; the final judgment amount was fixed at $893,077.11.

Appellants filed a bankruptcy petition on May 28, 2004. Appellee timely filed a complaint seeking to have the entire judgment debt declared nondischargeable as a debt resultant from a "willful and malicious" injury under 11 U.S.C. § 523(a)(6). Appellee promptly moved for summary judgment, and requested that the Bankruptcy Court take judicial notice of the record and judgment in the District Court Action. In resolving the motion, the Bankruptcy Court held that the District Court's findings would be binding in the Bankruptcy Action. The Bankruptcy Court stated that Albarran was bound by the fact that she ordered the duplication of the India Maria Pictures. However, because the jury instruction defined "willful" infringement as either "knowing" or "reckless" conduct, it was irreconcilably ambiguous as to whether the award fell within § 523(a)(6)'s meaning of "willfulness." Therefore, the Bankruptcy Court reserved for trial the issue of whether Appellants had the "subjective intent to injure [Appellee] or its property, or subjective knowledge that injury [was] substantially certain to result."

Appellee subsequently moved for partial summary judgment on the issue of subjective intent without presenting any new evidence to the Bankruptcy Court. Appellants filed an opposition, supported by affidavits, stating that someone else ordered the duplication of the India Maria Pictures, and that someone else received and diverted the finished product. Appellants did not dispute the date of duplication or their knowledge of Appellee's copyright on or after September 3, 1999. Alternatively, they argued that the copyright violation was merely "technical" because there was no evidence that they sold the unlawfully duplicated copies rather than the inventory they had legally purchased from Million Dollar Video.

At the August 22, 2005, hearing on the motion for partial summary judgment, the Bankruptcy Court concluded that there was uncontroverted evidence that Appellants knew of Appellee's copyright, and in combination with the jury finding of willful infringement, that the infringement constituted a willful injury within the meaning of § 523(a)(6). A judgment of nondischargeability was therefore entered in the sum of $893,077.11. Appellants timely appealed the order and judgment to the BAP.

The BAP affirmed the Bankruptcy Court. The BAP implied "maliciousness" from the Bankruptcy Court's finding of willfulness. The BAP reasoned that "an award of statutory damages based on willful copyright infringement is a debt for an injury to the owner's property interest." Accordingly, the BAP reasoned that "[t]he only remaining proof required was that Debtors were aware of Appellee's copyright at the time they infringed it." The BAP also found that the September 3, 1999, letter gave Appellants actual knowledge that their infringement was "substantially certain" to cause harm to Appellee.

## III.   ANALYSIS

We review decisions of the BAP de novo, applying the same standard of review that the BAP applied to the bank-

ruptcy court's ruling. *Wood v. Stratos Prod. Dev. (In re Ahaza Sys., Inc.)*, 482 F.3d 1118, 1123 (9th Cir. 2007). Whether a claim is nondischargeable presents mixed issues of law and fact and is also reviewed de novo. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791-92 (9th Cir. 1997) (en banc).

## 1. Willful and Malicious Injury Under 11 U.S.C. § 523(a)(6)

**[1]** Section 523(a)(6) of the Bankruptcy Code provides that an individual debtor may not discharge a debt "for willful *and* malicious injury by the debtor to another entity or to the property of another entity." (emphasis added). The malicious injury requirement is separate from the willful injury requirement. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (conflating the two requirements is grounds for reversal); *see also Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1105 (9th Cir. 2005) ("We analyze the willful and malicious prongs of the dischargeability test separately."). A "willful" injury is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.' " *In re Su*, 290 F.3d at 1146-47 (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001)).

### A. Willfulness

This case comes on appeal as a result of a summary judgment entered by the Bankruptcy Court. We review a grant of summary judgment de novo. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

#### i. Summary Judgment Standard

In adversary proceedings before the bankruptcy court, the familiar summary judgment standard established in Federal

Rule of Civil Procedure 56 applies. *See* Fed. R. Bankr. P. 7056; *North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227 (9th Cir. 1997). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. *Id.* at 256-57. The court must view all the evidence in the light most favorable to the nonmoving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

A court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756 (1978). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

We find that in viewing all facts and drawing all inferences in the light most favorable to the Appellants, there is a genu-

ine issue of material fact as to whether Appellants acted willfully within the meaning of 11 U.S.C. § 523(a)(6), and thus summary judgment was improper. Therefore, we reverse and remand to the Bankruptcy Court to properly determine whether there was a willful injury within the meaning of § 523(a)(6).

### ii. Analysis

[2] The term "willful" as used in copyright infringement cases is not equivalent to "willful" as used in determining whether a debt is nondischargeable under the bankruptcy code. The jury in the District Court Action found that the Appellants willfully infringed Appellee's copyright. As our sister circuits have clearly recognized, a finding of "willfulness" in this context can be based on either "intentional" behavior, or merely "reckless" behavior. *See In re Seagate Tech., LLC,* 497 F.3d 1360, 1370 (Fed. Cir. 2007) (en banc); *Island Software & Computer Serv., Inc., v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Superior Form Builders, Inc., v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir. 1996); *Wildlife Express Corp., v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988). Accordingly, in the District Court Action, the jury was instructed that the infringement was willful if Appellants "knew that they were infringing the [Appellee's] copyrights or that they acted with reckless disregard as to whether they were doing so." The jury found that Appellants willfully infringed Appellee's copyright by making unlawful copies of ten India Maria Pictures. However, the Bankruptcy Court had no way to determine whether the jury found the willful infringement based on a reckless disregard or a knowing violation of Appellee's copyright.

[3] Even though recklessness is sufficient for a finding of willful copyright infringement, the Supreme Court has clearly held that injuries resulting from recklessness are *not* sufficient

to be considered willful injuries under § 523(a)(6) of the Bankruptcy Code and are therefore insufficient to merit an exemption to dischargeability. *Geiger*, 523 U.S. at 60-61. In *Geiger*, the Supreme Court specifically limited "willful" injuries under § 523(a)(6) to "deliberate or intentional" injuries. *Id.* at 61. Therefore, if a finding of "willful" copyright infringement is based merely on reckless behavior, the resulting statutory award would not fit within the § 523(a)(6) exemption.

### a.   *Summary Judgment in Bankruptcy Court*

Appellee filed its first motion for summary judgment in the Bankruptcy Court ("First Summary Judgment Motion") on February 11, 2005, to determine whether the statutory award for "willful" copyright infringement, from the District Court Action, was nondischargeable. At the hearing on the First Summary Judgment Motion, the Bankruptcy Judge recognized the potential question of fact that the jury verdict in the District Court Action presented, and therefore discussed with counsel how to prepare just "the intent issue, for trial." In discussing why the issue of intent would be set for trial, rather than determined on the First Summary Judgment Motion, counsel for the Appellee asked: "The fact that through even her [Albarran's] testimony that she received this [September 3] letter, and thereafter on September 17th, provided that response; that, just for clarification, doesn't provide you what is necessary with respect to her intent?" The court responded clearly and correctly: "Not in the current context, no."

The September 3, 1999, letter referenced by Appellee's counsel informed Appellants that Appellee was asserting an exclusive right to duplicate and sell the films in question. Appellants' response letter dated September 17, 1999, acknowledged Appellee's assertion of exclusive rights to duplicate and sell the videos in question. However, the Bankruptcy Judge wisely found at the hearing on the First Summary Judgment Motion that, given the facially ambiguous

jury finding, a finding of the requisite intent could not be determined based on the knowledge of the letter alone.

Thereafter, Appellee filed a subsequent motion for partial summary judgment ("Second Summary Judgment Motion"), which focused on the intent issue. At the hearing on that motion, the Bankruptcy Judge admitted the difficulty of coming to a decision concerning the matter: "Well, I have wrestled with this and gone back and forth." As to whether the willfulness found by the jury was based on reckless disregard or intentional conduct the Bankruptcy Judge stated:

> The Jury verdict doesn't tell me which one they're looking at [reckless disregard or intentional], but the evidence is uncontroverted that [Appellants] knew, the April 19th letter. [sic] And I have to take the jury finding that the copying occurred and combine that with the uncontroverted evidence of the knowledge.
>
> Now whether, as Mr. Quinton says, they [Appellants] ultimately never received them, the copies were diverted from [R]eel [P]ictures. Whether it was Miguel who really did it, I don't know the answer to that.
>
> But based upon all of this and my review, and although I think it's got some interesting questions in it, I believe that summary judgment should be granted for the [Appellee] . . . and I'll sign an order to that effect.[2]

---

[2]We note that there is no "April 19th letter." However, the Bankruptcy Judge was most likely referring to the first warning letter sent to Appellants dated September 3, 1999. This was the same letter that the Bankruptcy Judge correctly held in the hearing on the First Motion for Summary Judgment would be insufficient to help him determine the "willfulness" of Appellants' infringement due to the blatant ambiguity in the jury findings.

### b. *Question of Fact Remains as to Willfulness*

**[4]** The Bankruptcy Judge clearly erred by inferring from the jury's finding of willful infringement that Appellants had actually ordered the copying themselves. As principals in the company, Appellants could be held liable for infringement simply for failing to prevent copyright infringement. *See Atl. Recording Corp. v. Chin-Liang Chan (In re Chin-Liang Chan)*, 325 B.R. 432, 448 (Bankr. N.D. Cal. 2005). For that reason, the jury was instructed in the District Court Action that: "A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity whether or not the person knew of the infringement."

**[5]** Appellants asserted in the District Court Action that they did not order the copies but that the infringing videos were ordered by Albarran's brother, Miguel, who made it appear that the videos were ordered by the Appellants. As such, the jury in the District Court Action could have found that the Appellants were liable for copyright infringement because they failed in their supervisory role, that their failure to supervise was reckless, and therefore that the infringement was willful. Such a scenario would dictate that the injury was not a "willful injury" under § 523(a)(6), even though it was "willful" for purposes of the copyright violation. Given the possibility that the jury found Appellants liable for willful copyright infringement based on recklessness, there was no basis in the record for the Bankruptcy Court to conclude that the jury verdict in the District Court Action established that the Appellants willfully violated the Appellee's copyright for purposes of § 523(a)(6). Because there was evidence that could have led the jury in the District Court Action to determine that the infringement was reckless, the judgment in that Action cannot sustain a summary judgment that the infringement was willful within the meaning of the Bankruptcy Code.

Moreover, the Appellants presented evidence to the Bankruptcy Court that directly spoke to the issue of willfulness for

purposes of dischargeability. Albarran submitted a declaration describing the business dispute that she had with her brother, Miguel, how Miguel submitted the orders for the disputed videos under the name of the Appellants' business, and how the Appellants did not order the disputed videos or receive them. The Appellants also submitted a declaration from their nephew, Francisco Albarran, which stated that Miguel made the orders for the videos, that Francisco signed for the videos when they were delivered to the Appellants' residence in such a way to indicate that they were received by the Appellants' business, and that Francisco then delivered the disputed videos to Miguel. Francisco also declared that Miguel gave him a box of tapes to give to Reel Pictures for duplication and that those tapes were picked up from the Appellants' residence.

**[6]** This explanation for what happened has some obvious room for factual development, and the bankruptcy court should not have weighed the evidence at the summary judgment stage. *See, e.g.*, *Anderson*, 477 U.S. at 249; *Lippi v. City Bank*, 955 F.2d 599, 613 (9th Cir. 1992) ("[T]he district court appears to have weighed the evidence before it; this role is inappropriate at the summary judgment stage."). The evidence adduced by the Appellants demonstrates that there is a genuine issue of material fact concerning whether the debt arising from the copyright violation was willful under § 523(a)(6), which precludes summary judgment on the issue of non-dischargeability.

Appellee cites *In re Chin-Liang Chan* wherein the bankruptcy judge found on summary judgment that Chan, the CEO of Media Group, Inc. ("Media Group"), committed a willful injury within the meaning of § 523(a)(6) because he did not install certain measures to prevent the unauthorized copying of copyrighted material. 325 B.R. at 448-49 (Bankr. N.D. Cal. 2005). However, *In re Chin-Liang Chan* is easily distinguished from the case before us. The *In re Chin-Liang Chan* court made its decision only after a thorough and exhaustive analysis of the evidence, and after showing that substantial

evidence was uncontroverted, such as: (1) as CEO of Media Group, Chan was well aware of the infringement that was occurring, and he was not doing anything to prevent it; (2) Media Group *admitted* that it had reproduced copyrighted material; (3) the Recording Industry Association of America ("RIAA") provided evidence to Media Group of its past infringements as a result of a failure to implement basic safeguards; (4) the RIAA provided Media Group a toll free number to call if there was any question concerning a customer's right to order copies of certain products; (5) Media Group had been trained on three separate occasions by the RIAA on how to avoid future infringements; and (6) despite all this, Media Group made no change in its production procedures. *Id*. at 444-49. Given that the abundant evidence in the *In re Chin-Liang Chan* case was uncontroverted, the bankruptcy court found that there were no genuine issues of material fact, and that Chan's infringement was done intentionally or with substantial certainty that harm would occur. *Id.* at 448. In the instant action, in contrast, the Appellants have disputed who ordered the copies and who caused them to be ordered, and the jury verdict in the District Court Action could have been based on a finding that Appellants were merely reckless. *In re Chin-Liang Chan* thus provides no support for Appellee's contention that the District Court Action conclusively established that the copyright violation was done willfully for purposes of § 523(a)(6).

**[7]** The Appellants presented evidence in the District Court Action which supported the theory that Miguel was actually the person who ordered the videos. The jury's finding of liability for the copyright violation in the District Court Action thus may have been based on the jury's conclusion that the Appellants' conduct was merely reckless. The Appellants proffered that same evidence to the Bankruptcy Court, and the Bankruptcy Court should have considered it when ruling on the summary judgment motion. Because the evidence concerning whether Miguel was the person who actually ordered the tapes establishes a genuine issue of material fact as to the

element of willfulness for purposes of § 523(a)(6), we reverse the grant of summary judgment and remand to the Bankruptcy Court for further proceedings.

### B.    Was the Conduct Malicious?

*In re Su* established that the malicious injury requirement of § 523(a)(6) must be determined separately from the willful injury requirement. *In re Su*, 290 F.3d at 1146-47. *In re Su* emphasized the necessity of completing a separate analysis on the "malicious" prong of § 523(a)(6) by declining to make a "malicious" finding and remanding to the bankruptcy court for further analysis, even though the four "malicious" factors might have been ascertained by examining the record. *Id.* at 1147; *see also In re Sicroff*, 401 F.3d at 1105 ("We analyze the willful and malicious prongs of the dischargeability test separately.").

### i.    Reversible Error by the Bankruptcy Court

**[8]** The Bankruptcy Court in this case made no rulings as to the "malicious" prong of § 523(a)(6). Appellee briefed the malicious prong in its First Summary Judgment Motion in the Bankruptcy Action. At the hearing on the First Summary Judgment Motion the Bankruptcy Judge stated "I could not grant summary judgment as to [intent]. I think you've got virtually everything else lined up." However, there is no discussion on the record of what "everything else" refers to. The Bankruptcy Court apparently considered the issue of whether Albarran actually copied the tapes resolved by the District Court Action. However, we do not know whether that issue was all the Bankruptcy Court was referring to when it stated "everything else [was] lined up." A proposed order on the First Summary Judgment Motion was submitted to the Bankruptcy Judge that would have found "that all the elements of § 523(a)(6) have been established for the purposes of the Trial of this matter except for the single element of 'Intent.'" However, this proposed order was specifically rejected by the

Bankruptcy Court, and an alternative order was adopted which only held in relevant part that: "The findings of the jury and the judgment in the Federal Court action . . . bind this Court and the parties, and shall not be re-litigated in this adversary proceeding." Because the District Court Action did not address the "malicious" prong of § 523(a)(6), and the jury made no findings in this regard, we cannot discover any separate findings of uncontroverted fact of maliciousness by the Bankruptcy Court.

### ii. Reversible Error by the BAP

**[9]** Relying on *Thiara v. Spycher Bros. (In re Thiara)*, 285 B.R. 420, 434 (9th Cir.BAP 2002), the BAP, perhaps in an attempt to remedy the Bankruptcy Court's lack of discussion and findings concerning the "malicious" prong, found that malice could be implied from willfulness. Although there may be some overlap between the test for "willfulness" and the test for "malice," *see Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554 (9th Cir. 1991) (per curiam) ("[M]alice may be inferred from the nature of the wrongful act."), the overlap does not mean that the Bankruptcy Court can ignore entirely the malice inquiry. We require a separate analysis for each of the "willful" and "malicious" prongs. *See In re Sicroff*, 401 F.3d at 1105 ("We analyze the willful and malicious prongs of the dischargeability test separately."); *In re Su*, 290 F.3d at 1146-47 (9th Cir. 2002) (rejecting an attempt to conflate the two prongs and requiring a separate analysis as to each); *In re Jercich*, 238 F.3d at 1207-09 (treating the willful and malicious prongs with separate analyses); *In re Littleton*, 942 F.2d at 554 (analyzing willfulness and maliciousness separately). The BAP's conclusion that the Appellants' actions were malicious under § 523(a)(6) rested entirely on its conclusion that the Appellants' actions were willful under § 523(a)(6). Because we have concluded that there is a genuine issue of material fact as to willfulness, we similarly reverse the Bankruptcy Court's judgment with respect to maliciousness. On remand, the

Bankruptcy Court should conduct a separate inquiry concerning malice. *See In re Sicroff*, 401 F.3d at 1105 *In re Su*, 290 F.3d at 1146-47; *In re Jercich*, 238 F.3d at 1207-09; *In re Littleton*, 942 F.2d at 554.

## IV.  CONCLUSION

We conclude that there is a question of material fact as to whether the infringement was willful within the meaning of 11 U.S.C. § 523(a)(6). Furthermore, the Bankruptcy Court did not separately analyze whether the infringement was malicious within the meaning of 11 U.S.C. § 523(a)(6). Therefore, we REVERSE the Bankruptcy Court's determination on summary judgment and REMAND for a proper determination of whether the infringement was willful and malicious within the meaning of 11 U.S.C. § 523(a)(6).