**NOT FOR PUBLICATION**



# FILED

APR 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| W. C., Jr., Student, a minor, by and through his Guardian, Wild Chang, | No. 17-56725 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02168-AG-RAO |
| v. | |
| ROWLAND UNIFIED SCHOOL DISTRICT; EMILY LAMAR; MITCHELL BRUNYER, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Plaintiff-Appellant W.C., Jr. appeals the district court's order dismissing his complaint for failure to state a claim as well as the district court's denial of leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we review the denial of leave to amend a complaint for abuse of discretion. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be "freely" granted "when justice so requires." As a result, we have consistently held that a district court abuses its discretion in denying leave to amend "unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts,'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies," *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Here, we agree with the district court that the facts alleged in W.C.'s first amended complaint were insufficient to state a plausible claim of political bias on the part of his English teacher. Nevertheless, W.C. claims that if granted leave to

2

amend, he could allege "other facts to show a pattern of lopsided criticism" sufficient to establish circumstantial evidence of political bias. While we express no opinion as to whether such facts actually exist, we cannot conclude that further amendment would be futile. Moreover, the fact that W.C. has already amended his complaint once does not amount to "several opportunities to amend [his] complaint" and "repeated[] fail[ure] to cure deficiencies." *See id.* Finally, there is no evidence of undue delay, bad faith, or prejudice to the opposing party. *See N. Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir. 1997). We thus conclude that the district court abused its discretion in denying W.C. leave to amend his complaint.

**REVERSED.**

*W.C., Jr. v. Rowland USD*, No. 17-56725 (Pasadena - April 8, 2019)

BYBEE, J., dissenting:

I would affirm the judgment of the district court dismissing W.C.'s suit for failure to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). W.C. complains that he "illegally received a failing grade in his [high school sophomore] English course" in "violation of his right of expression." According to his First Amended Complaint, his teacher gave his paper, entitled "Democracy Endangered or Strengthened After Trump's Victory?", an "F" after she had warned him that the topic was "too broad, too recent and too biased" to satisfy the assignment and that "if he adhered to his topic, he would receive a failing grade." W.C. candidly admits that he failed to include material in the bibliography that was required and that his paper was not "above criticism." He argues, however, that his teacher gave "undue weight" to "punctuation issues" and that other students submitted papers with broad topics and had issues with their papers, but were not given a failing grade. His only allegation of direct bias by his teacher was her exclamation, made shortly after the 2016 election and months before this assignment, that "I just can't believe that TV actor is now our president."

There is nothing close to a violation of the First or Fourteenth Amendments in his First Amended Complaint. We have no business re-grading papers

according to our own sense of what is good or bad writing. W.C. has had two shots at making out a federal case of unlawful grading and he couldn't do it. I would send W.C. back to the classroom and affirm the judgment of the district court.