NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: MARCUS DANIEL SILVER,

Debtor.

_____

MARCUS DANIEL SILVER,

Plaintiff - Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass Through Certificates Series 2006-AR7 U.S. BANK; SEVERSON & WERSON, APC,

Defendants - Appellees.

No. 24-4060

D.C. No. 2:23-cv-10538-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 12, 2025[**]

Before:     SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Marcus Daniel Silver appeals pro se from the district court's order affirming the bankruptcy court's orders dismissing Moore's adversary proceeding and denying his motion for sanctions. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

We do not consider the merits of the bankruptcy court's dismissal because Silver did not address the grounds for the bankruptcy court's dismissal in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

The bankruptcy court did not abuse its discretion in denying leave to amend the adversary complaint on the basis of a finding of bad faith, which is a finding Silver has not contested. *See In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997) (setting forth standard of the review and explaining that courts consider "bad faith" in determining whether to grant leave to amend).

The bankruptcy court did not abuse its discretion in denying Silver's motion

for sanctions because Silver did not present any evidence that creditors' counsel engaged in sanctionable conduct. *See In re Snowden*, 769 F.3d 651, 660 (9th Cir. 2014) (setting forth standard of review).

The bankruptcy court did not abuse its discretion in revisiting its earlier decision to stay the adversary proceeding pending Silver's appeal. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (explaining that courts have inherent power to revisit non-final orders).

Contrary to Silver's contention, the bankruptcy court was not divested of jurisdiction to dismiss the adversary proceeding or deny the motion for sanctions. *See In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007) (explaining that the timely filing of a notice of appeal to either a district court or a bankruptcy appellate panel will divest a bankruptcy court of jurisdiction only "over those aspects of the case involved in the appeal" (citation and internal quotation marks omitted)).

We reject as without merit Silver's contentions that the district court improperly denied him an appellate evidentiary hearing and that he was denied due process.

We do not consider arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

24-4060